**FILED**

January 11, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **VIRGINIA NAVARRO,** **Individually and on behalf of all others similarly situated** | § § § § | **CIVIL NO. SA-20-CV-00766-OLG** |
| **Plaintiff,** | § § | |
| **v.** | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **MARRIOTT INTERNATIONAL, INC.,** | § § | **CLASS ACTION PURSUANT TO FED. R. CIV. P.** |
| **Defendant.** | § § | **23(b)** |

## JUDGMENT

WHEREAS, Plaintiff Virginia Navarro ("Plaintiff"), individually and as Class Representative on behalf of the Class/Collective Members, and Defendant Marriott International, Inc. entered into the Confidential Settlement Agreement and Release and the First Addendum to Confidential Settlement Agreement and Release (together, the "Agreement").

WHEREAS, on August 22, 2022, the Court entered an Order that, among other things, (a) found that the class and collective action settlement memorialized in the Agreement fell withing the range of reasonableness and preliminarily approved its terms; (b) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class action for the purposes of settlement only; (c) conditionally certified, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), a collective action for the purposes of settlement only; (d) conditionally certified, pursuant to Ohio Revised Code § 4111.10(C), a collective action for settlement purposes only; (e) approved the form of notice to Class/Collective Members, and the method of dissemination thereof; (f) directed that appropriate notice of the settlement be given to the Class/Collective Members; and (e) set a hearing date for the settlement fairness hearing. Dkt. No. 34.

WHEREAS, the notice to the Class/Collective Members ordered by the Court in its Order has been provided, as attested to in the Declaration of Amanda Myette, filed with the Court with the Plaintiff's Unopposed Motion for Final Approval of Confidential Settlement Agreement and Release. *See* Dkt. No. 39.

WHEREAS, on January 11, 2023, a hearing was held on whether the settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class/Collective Members, such a hearing date being a due and appropriate number of days after such notice to the Class/Collective Members;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Class/Collective Members, and noting that, as set forth in the Agreement, and good cause appearing therefore orders as follows,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1.      The Court incorporates by reference the definitions set forth in the Agreement. This Court finds that the Class Representative fairly and adequately represents the Class/Collective Members.

2.      This Court has personal jurisdiction over the Class Representative and the Class/Collective Members, and has subject matter jurisdiction over all claims asserted in the First Amended Class/Collective Action Complaint. In addition, venue in the Western District of Texas is proper.

3.      The Agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution, the FLSA, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Federal Rules of Civil Procedure, and in the best interest of the Settlement Participants. The Agreement is binding on and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Agreement maintained either by or on behalf of the Class Representative and all other Settlement Participants, as well as their past, current, and future heirs, representatives, executors, administrators, attorneys, predecessors, successors, and assigns.

4.      The Notice of Settlement provided pursuant to the Agreement and the Order granting preliminary approval of the Agreement:

(a) Constituted the best practicable notice, under the circumstances;

(b) Constituted notice that was reasonably calculated to apprise the Class/Collective Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Final Approval Hearing;

(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d) Met all applicable requirements of the Federal Rules of Civil Procedure, the FLSA, the OMFWSA, and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member

who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).

5.      For settlement purposes only, that the requirements for class and collective certification under 29 U.S.C. § 216(b), Ohio Revised Code § 4111.10(C), and Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied.

6.      The Agreement in this action warrants final approval pursuant to the FLSA, the OMFWSA, and Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including meaningful discovery, motion practice, and extensive good-faith arm's length negotiations between the parties. Accordingly, this Court APPROVES the Agreement.

7.      The Agreement is fair, reasonable, and adequate considering the following factors:

(1) whether the settlement was a product of fraud or collusion;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the factual and legal obstacles prevailing on the merits;
(5) the possible range of recovery and the certainty of damages; and
(6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

8.      Class Counsel and the Class Representative adequately represented the Class/Collective Members for purposes of entering into and implementing the settlement.

9.      The Confidential Settlement Agreement and General Release between the previously named plaintiff, Rain Garcia (f/k/a Micheal Garcia), and Defendant ("Garcia Individual Settlement Agreement"), attached as Exhibit A to the Agreement, is hereby approved as it provides for the fair, reasonable, and adequate resolution of a bona fide dispute. The Garcia Individual Settlement Agreement will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Garcia Individual Settlement Agreement.

10.     The Confidential Settlement Agreement and General Release between Representative Plaintiff Virginia Navarro and Defendant ("Navarro Individual Settlement Agreement"), attached as Exhibit B to the Agreement, is hereby approved as it provides for the fair, reasonable, and adequate resolution of a bona fide dispute. The Navarro Individual Settlement Agreement will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Navarro Individual Settlement Agreement.

11.     Class Counsel's requested fees and expenses of $300,000.00, and as set out in their Motion for Fees and Costs (Dkt. No. 37), are fair and were reasonably and necessarily incurred.

12.     The Service Award of $5,000 to Plaintiff and the Separate Award of $5,000 to Garcia (as set forth in the Agreement, to compensate the Class Representative and Rain Garcia for their unique services in initiating and/or maintaining this litigation), are reasonable and are approved.

13.     Rust Consulting, Inc.'s expenses for administering the Settlement, including the distribution of Notice and the settlement funds, are reasonable and are approved.

14.     Nothing relating to this Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or the Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representative, Garcia, any of the Class/Collective Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by the Class Representative against Defendant or as to whether a class or collective should be certified, other than for settlement purposes only. Furthermore, nothing in the Parties' Agreement shall be cited to as,

construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or the Released Parties.

15.     In consideration of the consideration paid under the Agreement, and for other good and valuable consideration, each of the Settlement Participants shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant and all Released Parties in accordance with the terms of the Agreement.

16.     In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, and without prejudice to the status quo ante rights of Plaintiff, Settlement Participants and Defendant.

17.     This Court, on August 22, 2022, approved the class/collective settlement as memorialized in the Agreement. This Court APPROVES the collective settlement and amendments as they relate to the settlement of a collection action pursuant to 29 U.S.C. § 216(b).

18.     All Settlement Participants and/or their representatives who have not been excluded from the settlement by submitting a timely Opt-Out Request are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class/collective members or otherwise), or receiving any benefits from any other lawsuit (including putative class/collective action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that encompasses or are duplicative of the Released State and Local Law Claims.

19.     All Settlement Participants and/or their representatives who timely negotiate their Individual Settlement Payment are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class/collective members or otherwise), or receiving any benefits from any other lawsuit (including putative

class/collective action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that encompasses or are duplicative of the Released Federal Claims.

20.    This lawsuit is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Agreement.

It is so **ORDERED**.


**SIGNED** this ___11th___ day of January, 2023.


_____
ORLANDO L. GARCIA
United States District Judge